IN THE UNITED STATES FOR DISTRICT COURT OF COLUMBIA

| | |
|---|---|
| DANIEL M. COVINGTON<br>11287 St. Christopher Drive<br>White Plains, Maryland 20695<br><br>　　　Plaintiff,<br>v.<br><br>HELIX ELECTRIC, INC.<br>P.O. Box 85298<br>San Diego, California 92186<br><br>SERVE ON:<br><br>CT CORPORATION SYSTEM<br>1015 15th Street NW<br>Washington, District of Columbia 20005<br><br>　　　Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>CASE NUMBER: |

\* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

NOW COMES, Plaintiff Daniel Covington ("Plaintiff") by and through his attorneys, Breon L. Johnson, the Law Office of Breon L. Johnson, LLC, and files this Complaint for monetary damages against Defendant Helix Electric, Inc ("Helix") and as grounds respectfully represents unto this Honorable Court:

**THE PARTIES**

1.　　That Plaintiff is a citizen and a resident of the State of Maryland. Plaintiff has been a resident of White Plains in Charles County, Maryland for more than one (1) year preceding the commencement of this action.

2.　　That Helix is a body corporate formed under the laws of the State of California. Helix is registered in and doing business in the District of Columbia. Personal service upon Helix

1

may be effectuated through its Resident Agent, CT Corporation System at 1015 15th Street NW, Washington, DC 20005. Helix does not have a principal place of business in the State of Maryland.

3. That at all relevant times, Plaintiff was employed by Helix as a journeymen electrician. Plaintiff provided his licensed services as an electrician in the District of Columbia in exchange for wages and fringe benefits from Helix.

## JURISDICTION & VENUE

4. That the Plaintiff realleges and incorporates herein by reference all of the allegations contained in the preceding paragraphs.

5. That this Honorable Court has jurisdiction over pursuant to 28 U.S.C § 1332 (a) as the amount in controversy exceeds $75,000.00 dollars and the Parties are citizens of different States; Plaintiff is a citizen of the State of Maryland and Defendant is a citizen of the State of California.

6. That venue properly lies in this judicial district and with this Honorable Court since Plaintiff, a citizen of the State of Maryland, worked primarily in the District of Columbia. Furthermore, the work-related accidental injury giving rise to the filing of a claim for benefits under the Maryland Workers' Compensation Statute occurred in the District of Columbia.

## COUNT I – WRONGFUL DISCHARGE

7. That the Plaintiff realleges and incorporates herein by reference all of the allegations contained in the preceding paragraphs.

8. That on or about November 6, 2016, the Plaintiff was working at a worksite as directed by Helix.

9. That on that date, the Plaintiff tripped over debris in an unlit area while working as otherwise directed by Helix.

10. That at all relevant times, Plaintiff satisfactorily discharged his duties as assigned by Helix.

11. That Plaintiff injured his right foot, ankle, and leg when he tripped on November 6, 2016. Helix transported the Plaintiff to receive medical attention.

12. That on November 11, 2016, Helix suspended the Plaintiff without providing a reason. Plaintiff did not return to work for Helix after being suspended.

13. That Plaintiff had completed all tasks as requested by Helix, was punctual in arriving to work, taking lunches, and departing for the day, and was otherwise an exemplary employee of Helix, who was competent in his area of expertise and diligent in completing his job responsibilities.

14. That on November 18, 2016, Plaintiff filed a claim with the Maryland Workers' Compensation Commission due to the injuries he sustained during his work-related accident on November 6, 2016. *See* Maryland Workers' Compensation Commission Claim No. W085308.

15. That Helix terminated Plaintiff's position as a result of him being injured on November 6, 2016 and him having a viable claim for workers' compensation benefit. Helix's termination of the Plaintiff's employment was not motivated by job related concerns or performance issues as the Plaintiff had no prior disciplinary record, Plaintiff had been recognized for exemplary job performance just prior to being injured, and the close temporal proximity between Plaintiff's injury and Helix's termination of Plaintiff's employment.

16. That the Plaintiff's injury and his ability to obtain workers' compensation benefits were the only reasons for Plaintiff's termination.

17. That Helix's termination of the Plaintiff's employment for the above stated reasons is a clear violation of the public policies surrounding workers' compensation benefits. Furthermore, termination of an employee for using workers' compensation benefits has been clearly established to be a wrongful retaliatory discharge by legal precedent.

WHEREFORE, Plaintiff requests that Defendant be cited to appear in this action, and that after trial by jury, a judgment be entered granting Plaintiff the following relief:

1. Actual damages according to proof;
2. Punitive damages according to proof;
3. Mental anguish damages according to proof;
4. Pre-judgment and post-judgment interest at the legal rate;
5. Reasonable attorney's fees and costs of court; and
6. Such other and further relief, to which Plaintiff is justly entitled.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury on all counts.

Respectfully submitted,

/s/     Breon L. Johnson
Breon L. Johnson (Bar No. MD18953)
The Law Office of Breon L. Johnson
P.O. Box 72158
Rosedale, Maryland 21237
main@bljohnsonlegal.com
443-710-7474/telephone
Counsel to Plaintiff